AMES et al. v. UNION PAC. RY. CO. et al.

(Circuit Court, D. Colorado. February 8, 1894.)

No. 3,013.

RAILROAD COMPANIES—RECEIVERS—CHANGING RULES AND WAGES.

The court will not confirm the action of the receivers of an insolvent railroad system in reducing the wages and changing the regulations for the conduct of its employes which were in force when the property was

turned over to the receivers, where the employes affected were not notified of the proposed changes, and given an opportunity to point out, before the receivers, any inequalities or injustice that will be caused by them.

In Equity. Petition filed by Oliver Ames, 2d, and others, receivers, against the Union Pacific Railway Company and others.

The receivers herein appear by petition, and state that, by their general order No. 1, they have retained in their employment all of the officers, employes, agents, and servants who had been theretofore in the employment of the corporations defendant, but that such employment had ceased, and a fresh engagement began, when the defendant companies went into their hands; that because of the general decline of the earning capacity of the company's system of railways, and of the task imposed upon them of conducting the insolvent trust estate in their care in as economical manner as possible, they investigated the rules, regulations, and schedules governing their employes prior to the time the companies came into their hands, as also the wages paid, and made a comparison with the wages paid upon other railway systems similarly situated, and found that the wages they paid were in excess of the prevailing rates paid for similar classes of labor in a like region of country. The receivers pray for an order sustaining them in their revision and rearrangement of the rules, regulations, schedules, and wages of the nonsalaried employes, as promulgated, and that the employes be directed to refrain from conspiring with intent to induce a strike upon the system of railways operated by the receivers.

J. M. Thurston, for receivers.

T. Fulton Gantt, John H. Croxton, and George L. Hodges, for defendants.

Before HALLETT and RINER, District Judges.

RINER, District Judge. In the matter of the petition filed by the receivers of the Union Pacific system in relation to certain proposed schedules affecting the employment of men engaged in the service of the various railway and telegraph lines composing that system, now in the hands of the receivers, we are of opinion that it is necessary to the proper and economical management of the property now under the control of the receivers to adopt and maintain rules, regulations, and schedules governing the conduct, employment, and establishing the wages of all persons employed in the service of the receivers, in and about the management, operation, and conduct of the business in relation to these railways and properties. It appears by the pleadings in this case that, prior to the appointment of the receivers, certain rules, regulations, and schedules, the result of negotiations between the managers and employes of the various railway lines entering into and composing the Union Pacific system, touching the matter set forth in the petition, were in force, and were recognized and acted upon by the employes and managers of the railway companies composing this system.

Our own view is, if the receivers deem it advisable and necessary to the proper and economical management of the properties in their hands that rules, regulations, and schedules different from those in force at the time the property came into their hands should be adopted, that a hearing upon the question of proposed changes thought necessary by the receivers be had, in the first instance, before the receivers; that the employes affected by any proposed

change be notified, and be given time and opportunity to point out to the receivers any inequality in schedules, or any injustice which they may think will be done them by any proposed change in the rules and regulations. If, after such negotiation and consultation, the receivers and employes are unable to agree as to any proposed rule, regulation, item, or items of the wage schedules proposed, let the matters of difference be referred to the court for final determination. If this course is pursued, the result, in our judgment, will be that after a full consultation and discussion of these matters, between the receivers and employes (meeting, as they will, in a spirit of fairness upon both sides, determined to do the right thing, under existing conditions), very little will be left to the determination of the court, in relation to this matter. This course not having been pursued in this instance, we deem it advisable to deny the prayer of the petition of the receivers; and an order to that effect will be entered in this district, and in the district of Wyoming.